89. On August 26, 1996, the Plan received a valid assignment of the development rights from the shareholders of CVCI and as such stands in the shoes of the former developer.

90. On December 12, 2002, the Plan obtained a Quitclaim Deed and all remaining interests from Robert A. DeSimone and Emile Barbero, the only shareholders of CVCI, curing any cloud on the title that may have occurred as a result of the dissolution of CVCI by the Secretary of State.

91. At all times, the City has taxed the development as a condominium, but has denied Plaintiffs use and enjoyment of the property. The City's taxation of the property is evidence of the City's acknowledgment of the legitimacy of this property's form of ownership, its use as single-family homes, and the validity of the condominium project. However, Plaintiffs have only the obligation to pay taxes but not use their property.

92. The Plan as the owner of Unit 2 and 18, as owner of a mortgage and assignment of rents on various units from the RTC, as assignee of CVCI's development rights and all other interests owned by CVCI or its shareholder, and non-party Allen as Unit owner are aggrieved by the Defendants conduct, have acquired cognizable property rights, including using, developing, or completing the existing project and therefore have standing to assert their claims.

93. Sometime in late 2002, Defendant Attorney Peter Martin, the City Solicitor, had a discussion with Plaintiffs' former Attorney John Pearson. During the discussion, Attorney Martin stated that because Plaintiff Frank R. Saia has made too many enemies, the City wants the project rezoned and developed by a developer *other than* Frank R. Saia. Accordingly, the systematic denial of permits and the Enforcement Action is targeted at Plaintiff Frank R. Saia and his property interests in City View Commons amounting to economic coercion to deprive

Plaintiffs of their property interests without just compensation for the benefit of another and therefore serves no legitimate government interest.

94. Sometime in early 2004, Defendant York had a conversation with David Wroblenski while at the property site City View Commons. Defendant York stated to Mr. Wroblenski that Defendants would approve the development of the site for anyone *other than* Frank R. Saia. Accordingly, the systematic denial of permits and the Enforcement Action is targeted at Plaintiff Frank R. Saia and his property interests in City View Commons amounting to economic coercion to deprive Plaintiffs of their property interests without just compensation for the benefit of another and therefore serves no legitimate government interest.

95. At all times Defendants know as a result of clearly established law that it has no authority to determine who the owner or developer of City View Commons can be, and that they have no legitimate interest in benefiting one developer to the detriment of Plaintiffs.

96. Prior to and recently during the months of May, June and July 2004, the property has fallen into disrepair due to weather and acts vandalism, including the theft of appliances, windows and fixtures, as well as broken doors and windows, causing waste of the property interests as a direct result of the Defendants refusal to allow the completion or effectuate repairs of a project that the City validly permitted.

97. Defendants' conduct is a continuing wrong that deprives Plaintiffs of their property interests.

98. Plaintiffs hold ownership, control and possessory rights to the subject real estate known as 136 City View Road, Westfield, Massachusetts. Accordingly, they have a property interest for the purposes of contesting the City's Zoning Scheme, the City's Enforcement Action and bringing these counterclaims.

99. The Plaintiffs have appealed to the Hampden County Housing Court in a civil action entered on February 1, 2002 appealing the denial of a building permit for certain units or parcels at the subject real estate by the City of Westfield Zoning Board of Appeals.

## COUNT I

### (Violation of Vested Rights Under M.G.L. c. 40A §§ 6 or 9)

100. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

101. The Plaintiffs have the right to complete the condominium project at the City View Commons pursuant to Massachusetts General Law Chapter 40A Section 9 on the basis that the development project was vested under the Special Permit issued by the City of Westfield in 1987, received valid building permits in 1988 in furtherance of the Special Permit, and the project was commenced within a two year period of the issuance of the Special Permit with the installation of infrastructure and the construction of 15 Units.

102. Plaintiffs also have the right to complete the condominium project at City View Commons pursuant to M.G.L. c. 40A § 6 as a valid non-conforming use.

103. Defendants do not have the authority to enact or enforce a construction deadline, especially a repealed deadline, contrary to the statutory protections of M.G.L. c. 40A §§ 6, 9.

## COUNT II

### (Violation of the Takings Clause Under the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983)

104. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

105. Plaintiffs have a constitutionally cognizable property interest in City View Commons.

106. Defendants, acting under color of law, institute, authorize, ratify, permit and acquiesce in the enactment and enforcement of the City's Zoning Schemes, (including Ordinance 846, Article IV, *Rural Residential District*, and the Special Permit) and the Enforcement Action to deprive Plaintiffs of their use or enjoyment of their property directly or indirectly without just compensation thereby violating Plaintiffs' constitutional rights.

107. The Zoning Schemes and Enforcement Action, including the application of the five-year Construction Deadline, do not advance a legitimate local interest and operate, regardless of the level of investment or use, to terminate or deprive one of their property interests resulting in a taking of one's property without just compensation.

108. As a result of their own actions, including Defendants i) denial of permits to complete the construction of City View Commons for single-family structures and uses that were validly permitted by the City and constructed in reliance upon such permits, ii) enforcement of a repealed Ordinance 846, including the five-year Construction Deadline, outside the statute of limitations for validly permitted uses, iii) claim that it has outlawed condominium ownership which it repeatedly mislabels as a "use" to advance its claim and for which it has no authority to regulate the form of ownership, iv) denial of building permits to complete the project properly begun within the time limits of M.G.L. c. 40A §§ 6 and 9, and in harmony with the City's current zoning ordinance, and v) objective to have the property leveled by Plaintiffs without just compensation, rezoned and developed by a developer other than Plaintiffs, *and* in violation of clearly established law, the City's Zoning Scheme and its Enforcement Action along with its systematic denial of building permits constitute government action and acts of lawlessness that are impossible to relate to any legitimate government objectives.

109. The Defendants' conduct targeted at Plaintiffs is designed to threaten, harass, and intimidate Plaintiffs amounting to improper economic coercion intended to prevent and deprive Plaintiffs of reasonable investment backed objectives and economically viable use of his property, and for the benefit of another developer.

110. The Zoning Scheme and Enforcement Action i) interferes with distinct investment backed expectations resulting in the loss of Plaintiffs' investment and compelling the abandonment and removal of validly permitted structures and uses improved and used in reliance on such permits, ii) are not reasonably necessary to effectuate a substantial public purpose nor advance legitimate government interests, and iii) results in an unduly harsh economic impact upon the owners of the property by requiring a) abandonment of the investment, b) additional costs to remove structures, and c) additional costs to comply with new zoning requirements.

111. The Defendants' conduct constitutes a temporary and/or permanent taking without just compensation in violation 42 U.S.C. § 1983 entitling Plaintiffs to relief.

112. As a direct and proximate result of Defendants' violation of Plaintiffs' Constitutional rights, Plaintiffs have sustained damages, including their investment in the property, taxes paid, the loss of use of the property including rents, theft and vandalism, the reduction in value of the property, and other amounts to be determined at trial plus their reasonable attorney's fees and costs.

## COUNT III

### (Violation of Equal Protection of the United States Constitution and 42 U.S.C. Section 1983)

113. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

114. Plaintiffs have a constitutionally cognizable property interest in City View Commons.

115. The Defendants, acting under color of law, institute, authorize, ratify, permit and acquiesce in the enactment and enforcement of the City's Zoning Schemes, (including Ordinance 846, Article IV, *Rural Residential District*, and the Special Permit) and the Enforcement Action to deprive Plaintiffs of their use or enjoyment of their property directly or indirectly without just compensation thereby violating Plaintiffs' constitutional rights.

116. The Zoning Scheme and Enforcement Action, including the application of the five-year Construction Deadline, do not advance a legitimate local interest and operate, regardless of the level of investment or use, to terminate or deprive one of their property interests resulting in a taking of one's property without just compensation.

117. As a result of its own actions, including Defendants i) denial of permits to complete the construction of City View Commons for single-family structures and uses that were validly permitted by the City and constructed in reliance upon such permits, ii) enforcement of a repealed Ordinance 846, including the five-year Construction Deadline, outside the statute of limitations for validly permitted uses, iii) claim that it has outlawed condominium ownership which it repeatedly mislabels as a "use" to advance its claim and for which it has no authority to regulate the form of ownership, iv) denial of building permits to complete the project properly begun within the time limits of M.G.L. c. 40A §§ 6 and 9, and in harmony with the City's current zoning ordinance, and v) objective to have the property leveled by Plaintiffs without just compensation, rezoned and developed by a developer other than Plaintiffs, *and* in violation of clearly established law, the City's Zoning Scheme and its Enforcement Action along with its

systematic denial of building permits constitute government action and acts of lawlessness that are impossible to relate to any legitimate government objectives.

118. The Defendants' conduct targeted at Plaintiffs and specifically Frank R. Saia is designed to threaten, harass, and intimidate Plaintiffs amounting to improper economic coercion intended to prevent and deprive Plaintiffs of reasonable investment backed objectives and economically viable use of his property, and for the benefit of another developer resulting in unequal treatment of the laws. Accordingly, Defendants conduct does not relate to legitimate government objectives and violating 42 U.S.C. § 1983.

119. The Zoning Scheme and Enforcement Action i) interferes with distinct investment backed expectations resulting in the loss of Plaintiffs' investment and compelling the abandonment and removal of validly permitted structures and uses improved and used in reliance on such permits, ii) are not reasonably necessary to effectuate a substantial public purpose nor advance legitimate government interests, and iii) results in an unduly harsh economic impact upon the owners of the property by requiring a) abandonment of the investment, b) additional costs to remove structures, and c) additional costs to comply with new zoning requirements making government action impossible to relate to legitimate government objectives.

120. Defendants' conduct constitutes a violation of Plaintiffs' rights to Equal Protection of the law in violation 42 U.S.C. § 1983 entitling Plaintiffs to relief.

121. As a direct and proximate result of Defendants' violation of Plaintiffs' Constitutional rights, Plaintiffs have sustained damages, including their investment in the property, taxes paid, the loss of use of the property and rents, theft and vandalism, the reduction in value of the property, and other amounts to be determined at trial plus their reasonable attorney's fees and costs.

## COUNT IV

**(Violation of Substantive and Procedural Due Process of the United States Constitution and 42 U.S.C. Section 1983)**

122. Plaintiffs have a constitutionally cognizable property interest in City View Commons.

123. Defendants, acting under color of law, institute, authorize, ratify, permit and acquiesce in the enactment and enforcement of the City's Zoning Schemes, (including Ordinance 846, Article IV, *Rural Residential District*, and the Special Permit) and the Enforcement Action to deprive Plaintiffs of their use or enjoyment of their property directly or indirectly without just compensation thereby violating Plaintiffs' constitutional rights.

124. The Zoning Scheme and Enforcement Action, including the application of the five-year Construction Deadline, do not advance a legitimate local interest and operate, regardless of the level of investment or use, to terminate or deprive one of their property interests resulting in a taking of one's property without just compensation.

125. As a result of its own actions, including the Defendants i) denial of permits to complete the construction of City View Commons for single-family structures and uses that were validly permitted by the City and constructed in reliance upon such permits, ii) enforcement of a repealed Ordinance 846, including the five-year Construction Deadline, outside the statute of limitations for validly permitted uses, iii) claim that it has outlawed condominium ownership which it repeatedly mislabels as a "use" to advance its claim and for which it has no authority to regulate the form of ownership, iv) denial of building permits to complete the project properly begun within the time limits of M.G.L. c. 40A §§ 6 and 9, and in harmony with the City's current zoning ordinance, and v) objective to have the property leveled by Plaintiffs without just compensation, rezoned and developed by a developer other than Plaintiffs, *and* in violation of

clearly established law, the City's Zoning Scheme and its Enforcement Action along with its systematic denial of building permits constitute government action and acts of lawlessness that are impossible to relate to any legitimate government objectives.

126. The Defendant's conduct targeted at Plaintiffs is designed to threaten, harass, and intimidate Plaintiffs amounting to improper economic coercion intended to prevent and deprive Plaintiffs of reasonable investment backed objectives and economically viable use of his property, and for the benefit of another developer.

127. The Zoning Scheme and Enforcement Action i) interferes with distinct investment backed expectations resulting in the loss of Plaintiffs investment and compelling the abandonment and removal of validly permitted structures and uses improved and used in reliance on such permits, ii) are not reasonably necessary to effectuate a substantial public purpose nor advance legitimate government interests, and iii) results in an unduly harsh economic impact upon the owners of the property by requiring a) abandonment of the investment, b) additional costs to remove structures, and c) additional costs to comply with new zoning requirements.

127. The Zoning Scheme, including Ordinance 846 and the Special Permit, are vague and ambiguous with respect to the time frame for the Special Permit to expire. Furthermore, they are vague and ambiguous, and do not provide any guidelines or adequate procedure by which the Planning Board would evaluate any request for an extension of time to prevent the Special Permit from expiring. Accordingly, the City is empowered with unfettered discretion to grant or deny extension subjecting property interests at City View Commons to arbitrary and capricious government action and/or deprivation of that property interest without constitutionally adequate procedure.

128. The Defendants' conduct constitutes a violation of Plaintiffs' rights to Substantive and Procedural Due Process without just compensation in violation of 42 U.S.C. § 1983 entitling Plaintiffs to relief.

129. As a direct and proximate result of Defendants' violation of Plaintiffs' Constitutional rights, Plaintiffs have sustained damages, including their investment in the property, taxes paid, the loss of use of the property and rents, theft and vandalism, the reduction in value of the property, and other amounts to be determined at trial plus their reasonable attorney's fees and costs.

## COUNT V

### (Violation of Massachusetts Civil Rights Act Equal Protection, Substantive and Procedural Due Process, and Taking M.G.L. c. 12, Sections 11H, 11I)

130. Plaintiffs repeat and reallege each of the allegations set forth above as if fully set forth herein.

131. Plaintiffs have a constitutionally cognizable property interest in City View Commons.

132. The Defendants, acting under color of law, institute, authorize, ratify, permit and acquiesce in the enactment and enforcement of the City's Zoning Scheme, (including Ordinance 846, Article IV, *Rural Residential District*, and the Special Permit) and the Enforcement Action to deprive Plaintiffs of their use or enjoyment of their property directly or indirectly without just compensation thereby violating Plaintiffs' constitutional rights.

133. The Zoning Scheme and Enforcement Action, including the application of the five-year Construction Deadline, do not advance a legitimate local interest and operate,

regardless of the level of investment or use, to terminate or deprive one of their property interests resulting in a taking of one's property without just compensation.

134.  As a result of its own actions, including the Defendants i) denial of permits to complete the construction of City View Commons for single-family structures and uses that were validly permitted by the City and constructed in reliance upon such permits, ii) enforcement of a repealed Ordinance 846, including the five-year Construction Deadline, outside the statute of limitations for validly permitted uses, iii) claim that it has outlawed condominium ownership which it repeatedly mislabels as a "use" to advance its claim and for which it has no authority to regulate the form of ownership, iv) denial of building permits to complete the project properly begun within the time limits of M.G.L. c. 40A §§ 6 and 9, and in harmony with the City's current zoning ordinance, and v) objective to have the property leveled by Plaintiffs without just compensation, rezoned and developed by a developer other than Plaintiffs, *and* in violation of clearly established law, the City's Zoning Scheme and its Enforcement Action along with its systematic denial of building permits constitute government action and acts of lawlessness that are impossible to relate any legitimate government objectives.

135.  The Defendants' conduct targeted at Plaintiffs and specifically Frank R. Saia is designed to threaten, harass, and intimidate Plaintiffs amounting to improper economic coercion intended to prevent and deprive Plaintiffs of reasonable investment backed objectives and economically viable use of his property, and for the benefit of another developer resulting in unequal treatment of the laws.  Accordingly, Defendants' conduct does not relate to legitimate government objectives and violating 42 U.S.C. § 1983.

136.  The Zoning Scheme and Enforcement Action i) interferes with distinct investment backed expectations resulting in the loss of Plaintiffs investment and compelling the

abandonment and removal of validly permitted structures and uses improved and used in reliance on such permits, ii) are not reasonably necessary to effectuate a substantial public purpose nor advance legitimate government interests, and iii) results in an unduly harsh economic impact upon the owners of the property by requiring a) abandonment of the investment, b) additional costs to remove structures, and c) additional costs to comply with new zoning requirements making government action impossible to relate to legitimate government objectives.

137. Defendants' conduct constitutes threats, intimidation or coercions, including actionable economic coercion targeted at Plaintiffs, and specifically Frank R. Saia, designed to coerce them to forgo the exercise of their secured rights under the United States Constitution, including Equal Protection, Substantive and Procedural Due Process and Takings clauses and 42 U.S.C. § 1983, and for the benefit of another developer in violation of M.G.L. c. 12, Sections 11H, 11I.

138. As a direct and proximate result of Defendants' violation of Plaintiffs' Constitutional rights, Plaintiffs have sustained damages, including their investment in the property, taxes paid, the loss of use of the property and rents, theft and vandalism, the reduction in value of the property, and other amounts to be determined at trial plus their reasonable attorney's fees and costs, pursuant to M.G.L. c. 12, Sections 11H, 11I.

WHEREFORE, the Plaintiffs pray for judgment as follows:

A. Declaring that Defendants' conduct, the City's Zoning Scheme and the Enforcement Action to compel the abandonment and removal of the structures be a violation of Takings Clause without just compensation under the United States Constitution and 42 U.S.C. § 1983.

B. Declaring that Defendants' conduct, the City's Zoning Scheme and the Enforcement Action to compel the abandonment and removal of the structures deprives Plaintiffs of their rights secured by the Equal Protection Clause under the United States Constitution and 42 U.S.C. § 1983.

C. Declaring that Defendants' conduct, the City's Zoning Scheme and the Enforcement Action to compel the abandonment and removal of the structures deprives Plaintiffs of their rights secured by the Due Process Clause (Substantive and Procedural) without just compensation under the United States Constitution and 42 U.S.C. § 1983.

D. Declaring that Defendants' conduct, the City's Zoning Scheme and the Enforcement Action to compel the abandonment and removal of the structures deprives Plaintiffs of their rights secured by the under the United States Constitution, including the Takings, Equal Protection and Due Process, Clause, without just compensation under the Massachusetts Civil Rights Act M.G.L. c. 12, Sections 11H, 11I..

E. Declaring that Defendants' conduct, the City's Zoning Scheme and the Enforcement Action to compel the abandonment and removal of the structures violates M.G.L. c. 40A §§ 6 and 9;

F. Enjoining the Defendants from enforcing the Zoning Scheme and Enforcement Action or taking any other action to prevent Plaintiffs' use and enjoyment of their property;

G. Awarding damages to the Plaintiffs, with prejudgment interest;

H. Awarding Plaintiffs their costs and expenses of this litigation, including reasonable attorneys' fees, experts' fees and other costs and disbursements; and

I. Awarding Plaintiffs such other and further relief as may be just and proper under the circumstances.

## PLAINTIFFS DEMAND A TRIAL BY JURY

Dated: August 3, 2004

Attorney for Plaintiffs,

_____
Stephen V. Saia, BBO No. 562009
Law Offices of Stephen V. Saia
70 Old Cart Path Lane
Pembroke, MA 02359
(781) 826-8401