UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30143-MAP

| | |
|---|---|
| FRANK R. SAIA, individually and as Administrator of the FRANK R. SAIA DEFINED BENEFIT PENSION PLAN, LIMITED DIVIDEND CORPORATION OF WESTFIELD, and CITY VIEW COMMONS CONDOMINIUM TRUST,<br>    Plaintiffs<br>vs.<br><br>CITY OF WESTFIELD ZONING BOARD MEMBER (John and Jane Does #1-10), CITY COUNCIL MEMBERS (John and Jane Does #1-10), CHARLES KELLOGG, (former Inspector of Buildings of the City), DONALD C. YORK (Superintendent of Buildings), JAMES BOARDMAN (Community Development Director), DAN REARDON (Director of Public Health), PAUL J. CASEY (Assistant City Solicitor), and PETER A. MARTIN (Assistant City Solicitor), all Defendants named individually and in their official capacity,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO STAY AND/OR EXTEND TIME WITHIN TO FILE ANSWER AND/OR OTHER PLEADING

NOW COME the defendants in the above-captioned matter and respectfully move this Court to stay this matter pending resolution of an action which constitutes a prior pending action in the Hampden County Housing Court, Western Division, Civil Action No. 00-CV-0501A and Civil Action No. 02-CV-00045A, minimally, as to the City of Westfield. As grounds therefor and in support thereof, the defendants submit that an enforcement action has been pending in the Hampden County Housing Court essentially on the same facts as alleged in the plaintiffs'

386090

complaint herein since in or about October 2000. The plaintiffs herein, defendants in the state court action (hereinafter referred to collectively as "Saia"), previously attempted to assert claims, including, *inter alia*, federal and state civil rights claims against the City of Westfield as counterclaims in that matter. A motion to dismiss such claims was ultimately allowed by the Housing Court, per Abrashkin, J. A copy of said Order is attached hereto and marked as Exhibit A.

Later, Saia filed a Motion for Summary Judgment which was ultimately denied by the Housing Court, which, *sua sponte*, entered partial summary judgment in favor of the City of Westfield. A copy of that order is attached hereto and marked as Exhibit B.

In or about September, 2004, the Housing Court issued an order directing the manner in which the case would proceed. A copy of that order is attached hereto and marked as Exhibit C.

Purportedly in conformance with that order, Exhibit C, Saia served a "counterclaim" against the City of Westfield and all of the defendants herein. A copy of said counterclaim is attached hereto and marked as Exhibit D. The parties then appeared before the Court on a motion to extend time relating to the original Order so as to allow, minimally, the defendant, City Solicitor, Peter A. Martin, Esq., counsel for the City of Westfield in the Housing Court actions, to move to dismiss the counterclaim as against him. The Court allowed that motion over the objection of Saia who neglected to advise either the parties, the Court, or counsel, of the existence of the action previously filed in this Court but not yet served upon them.

In accordance with the allowance of the motion to dismiss the counterclaim against him, the prospective defendant-in-counterclaim, Peter A. Martin, Esq., filed a Limited Motion to Dismiss, copy of which is attached hereto and marked as Exhibit E. The subject matter of the motion was simple, that being that a counterclaim could not be asserted against Mr. Martin as he

386090

was not a party to the pending litigation. In response thereto, Saia filed a series of documents, copies of which are attached hereto and marked collectively as Exhibit F. At the hearing on the Motion to Dismiss, which was allowed, the Court afforded the prospective defendants-in-counterclaim and plaintiff, City of Westfield, leave to oppose the motion to attempt to join them as indispensable parties to the litigation. A briefing schedule was set. Again, Saia failed to advise the Court, the Clerk upon whom jurisdiction had been conferred, counsel, or the parties that there was, simultaneously, an action which had been previously filed in this Court.

Thereafter, the undersigned undertook the onerous task of reviewing the previously filed documents and began initial preparation of the opposition to the motions pending in the Housing Court. On the day prior to Thanksgiving, Saia contacted the state Sheriff's office and indicated that it was necessary to serve the parties with this action. On information and belief, Saia was required to serve as the 120 days allowed for service pursuant to Fed. R. Civ. P. 4(m) was about to expire.

Because Saia utilized this method of service even assuming such service complies with Fed. R. Civ. P. 4(c)(2) rather than that authorized pursuant to Fed. R. Civ. P. 4(d), the defendants are allotted only 20, rather than 60 days to respond.

The result of Saia's misdeeds puts the prospective defendants-in-counterclaim in Housing Court and defendants herein in the position of having to respond to what are virtually identical complaints in two separate courts. To say that such violates the concept of claim splitting and/or the spirit of Rule 12 requiring dismissal based on a prior pending action, is an understatement, at best. To traverse the procedural quagmire caused by Saia's actions requires an enormous undertaking. To cause the defendants herein to respond to the complaint in this Court while, simultaneously, responding, in accordance with the state Court's Order to the onerous motions

386090

filed therein, would unfairly prejudice them and further cause them undue expense entirely unjustifiable under the circumstances.

Because this matter has been pending under the jurisdiction of the state Housing Court since 2000 and further, because orders are presently in existence regarding that action and almost identical claims pending therein, the defendants herein respectfully request that this Court stay this matter until such time as an order has issued by the Housing Court in connection with the claims brought therein as to the same defendants. In so doing, the defendants respectfully reserve their rights and defenses herein.

THE DEFENDANT
CITY OF WESTFIELD, ET AL.

By /s/ Nancy Frankel Pelletier
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 544402

CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 20th day of December, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Stephen V. Saia, Esq., Law Office of Stephen V. Saia, 70 Old art Path Lane, Pembroke, MA 02359.

Subscribed under the penalties of perjury.

/s/ Nancy Frankel Pelletier
Nancy Frankel Pelletier, Esq.

386090