Display Cross-Citations
**59 Mass. App. Ct. 457 / 1 Mass. App. Ct. 880**

| | |
|---|---|
| Citation: | **53 Mass. App. Ct. 116 (2001)** |
| Parties: | **COHASSET HEIGHTS, LTD. vs. ZONING BOARD OF APPEALS OF COHASSET; JOHN K McNABB, JR., & others[1], interveners** |
| Docket #: | **99-P-595** |
| County: | **Suffolk** |
| Hearing Date: | **June 1, 2001** |
| Decision Date: | **October 29, 2001** |
| Judges: | **BROWN, DOERFER, & COHEN, JJ.** |

In a civil action appealing a building inspector's cease and
   desist order to a landfill operator on the ground that the landfill was a
    nonconforming use, as a matter of law, the issuance of a special permit to
    operate the landfill, rather than the recording of the permit, marked the
    beginning of protection from subsequent zoning changes as a prior non-
    conforming use. [118-119]

   CIVIL ACTION commenced in the Land Court Department on April 14, 1998.

   The case was heard by Peter W. Kilborn, J., on motions for summary judgment.

   Michelle N. O'Brien for the plaintiff.

   Daniel R. Deutsch for the defendant.

   Kevin E O'Donnell, for the interveners, was present but did not argue.

   DOERFER, J. The plaintiff, Cohasset Heights, Ltd. (CHL), held a special
permit to operate a landfill which was issued but not recorded prior to first
publication of notice of a public hearing on an adverse zoning change. A judge of
the Land Court ruled that the permit thus did not qualify as a prior
nonconforming use. We reverse and hold that under G. L. c. 40A, s. 6, the
relevant saving event occurred when the special permit issued and not when it was
later recorded.

   The case was decided by the judge on cross motions for sum-

--------------------------
   [1]    Kevin F. O'Donnell, Linda Keller, Mary O. Kelly, James C. Kinch,
Peter G. Whittemore, Peter J. Pratt, William S. Hodgson, and Margaret Chapman.

53 Mass. App. Ct. 116 (2001)
     Page 117

mary judgment. The undisputed material facts were as follows. The Cohasset zoning
board of appeals (board) voted on December 7, 1976, to grant a special permit to
operate a landfill to one Tyeryar, the predecessor in title to CHL. The special
permit was filed with the town clerk the next day, and no appeal was taken.
Tyeryar did not, however, obtain a certified copy of the permit for recording
(showing no appeal within the applicable time), and thus did not record the
permit at that time. See G. L. c. 40A, s.s. 9 and 11. He began operating a
landfill promptly thereafter, and sold the property[2] to CHL in 1982, which
continued the landfill operations. In 1986, the zoning bylaw of Cohasset was
amended to create a water resource overlay district that would prohibit landfill

operations on part of CHL's land. The special permit had not yet been recorded at that time.

There was litigation over the landfill operations thereafter for a number of years[3], none of which raised the issue of the failure to record the permit. On January 13, 1998, a citizens' group, upon discovering that the special permit had not been recorded, complained to the building inspector. CHL then promptly obtained the necessary certified copy from the town clerk and recorded the special permit on January 21, 1998. On January 26, 1998, the building inspector issued a cease and desist order on the grounds that the special permit was invalid because it had not been recorded. The board upheld the cease and desist order.

-------------------------

[2]    There is no basis to the interveners' argument challenging the recital of the judge that CHL succeeded to the interest of Tyeryar in the permit.

[3]    The controversy over the landfill has a lengthy history. In February, 1986, two months before the creation of the water resource district, Cohasset's building inspector reported that CHL had exceeded the parameters of the special permit by disposing of municipal solid waste. CHL appealed the building inspector's findings to the board. In May, 1986, the board ruled that the special permit was limited to the disposal of demolition material, and the building inspector ordered CHL to cease disposing of solid waste. CHL appealed. The board's decision was affirmed on appeal and later upheld by this court in Cohasset Heights, Ltd. v. Zoning Board of Appeals of Cohasset, 25 Mass. App. Ct. 1116 (1988). On June 6, 1988, CHL filed a complaint seeking a declaration that G.L. c. 40A, s. 7, barred the town from preventing CHL from disposing of municipal solid waste in its landfill. The board counterclaimed, asserting that the special permit limits CHL to the disposal of rock, stumps, brickwork, and demolition debris. The board was awarded summary judgment on the grounds that CHL's claim was barred under principles of res judicata.

53 Mass. App. Ct. 116 (2001)     Page 118

A judge of the Land Court, on the appeal of CHL, upheld the board's decision, ruling that the 1976 permit was not valid and that CHL was prohibited from continuing its landfill operations.

General Laws c. 40A, s. 6, as inserted by St. 1975, c. 808, s. 3, reads in relevant part:

> "Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun, or to a building or special permit issued before the first publication of notice of the public hearing on such ordinance or by-law (emphasis added).

Citing G. L. c. 40A, s. 11[4], the judge ruled that although the permit had been issued[5] in 1976, CHL's failure to record the permit was "fatal to s. 6 protection." He further ruled that to qualify as a prior nonconforming use, the permit must be in effect on the relevant date (here, 1986). He stated that "[i]t would be anomalous if s. 6 protection could be based on a special permit which had not gone into effect."

In so ruling, the judge did not account for the fact that s. 6 distinguishes between the two concepts of "issued" and "lawfully in existence." General Laws c. 40A, s. 11, requires that a special permit be recorded in order to "take effect." But the fact that it has not taken effect does not mean that it has not been

issued. Both logic and the language of s. 11 dictate that a permit must be issued before it can be recorded. Under s. 6, issuance alone qualifies a special permit as a prior non-conforming use[6].

Moreover, there is precedent for the proposition that a permit

-------------------------
[4]     General Laws c. 40A, s. 11, provides in relevant part: "Upon the granting of a variance or special permit, . . . the permit granting authority or special permit granting authority shall issue to the owner ... a copy of its decision .... No variance or special permit ... shall take effect until a copy of the decision is recorded in the registry of deeds .  ." (emphasis added).

[5]     There is no merit in the interveners' argument that the permit had not issued because the town clerk had not provided a certified copy for recording.

[6]     Although not pertinent to consideration of s. 6 protection, we note that the permit in this case was recorded before the cease and desist order was issued and was thus "effective" (subject to resolution of the present controversy) under G. L. c. 40A, s. 11, at that time. Thus, this case does not present the "anomaly" of now permitting a use of land under a special permit which has not yet come into effect.

53 Mass. App. Ct. 116 (2001)
    Page 119

which is not effective nevertheless may be protected as a prior nonconforming use. Smith v. Building Commr of Brookline, 367 Mass. 765 (1975)[7]. There, a case involving an application for a building permit had been remanded to the zoning authorities for further consideration after a prior appeal. See Smith v. Board of Appeals of Brookline, 366 Mass. 197 (1974). The building permit provided no authority to build or occupy the structure in question while the case was on remand. In that sense, the permit had not "taken effect" (although recording was not required). A zoning change occurred during the time the case was on remand. The court held that the zoning change did not apply to the permit. Smith v. Building Commr of Brookline, supra at 773-774. Thus, the court allowed a permit which had not taken effect nevertheless to qualify as a prior nonconforming use.

The plain language of s. 6 cannot be ignored. It clearly establishes that issuance of a special permit marks the beginning of protection as a prior nonconforming use from subsequent zoning changes.

In view of our decision, we need not reach the remainder of CHL's appellate claims.

Judgment reversed.

-------------------------
[7]     The case was decided under the statutory predecessors to the present G. L. c. 40A, which have not changed in any aspect material to this case.


End Of Decision