**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| FRANK R. SAIA, individually and as Administrator of the FRANK R. SAIA DEFINED BENEFIT PENSION PLAN, LIMITED DIVIDEND CORPORATION OF WESTFIELD, and CITY VIEW COMMONS CONDOMINIUM TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WESTFIELD, ZONING BOARD MEMBERS (John and Jane Does #1-10), CITY COUNCIL MEMBERS (John and Jane Does #1-10), CHARLES KELLOGG, (former Inspector of Buildings of the City), DONALD C. YORK (Superintendent of Buildings), JAMES BOARDMAN (Community Development Director), DAN REARDON (Director of Public Health), PAUL J. CASEY (Assistant City Solicitor), and PETER A. MARTIN (Assistant City Solicitor), all Defendants named individually and in their official capacity,<br><br>Defendants. | Civil Action No. 04-30143-MAP |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY**

Plaintiffs submit this supplemental memorandum in opposition to defendants' motion to

stay to advise this court of a recent ordered entered by Judge Abrashkin of the Housing Court.

**ARGUMENT**

On January 4, 2005, the Housing Court held a hearing on plaintiffs' motion to join

indispensable parties and/or amend the counterclaim.

On January 6, 2005, the Housing Court issued its order and denied plaintiffs' motion to join indispensable attached here as **Exhibit 1**.[1]  As a result, plaintiffs can pursue in federal court their 47 U.S.C. § 1983 and related state law claims set forth in the *Complaint*.  Accordingly, no stay of this action is warranted and the City's motion to stay must be denied.

In view of the Housing Court's order, the hearing presently scheduled for March 22, 2005 at 2:30 p.m. on the City's motion to stay is unnecessary.  The City cannot prevent plaintiffs from bringing their claims in this court, and any purported claim splitting has been rendered moot or is the direct result of the Housing Court's decision.  The City must answer or move to dismiss the *Complaint*.

The hearing date currently scheduled can be used as a status conference.

### CONCLUSION

In view of the Housing Court's order, plaintiffs are entitled to bring this action in federal court.  Accordingly, this court should deny defendants' motion to stay and require defendants to answer or move to dismiss the *Complaint*.[2]

---

[1]  The Housing Court does not properly apply Rule 19(a).  It improperly puts the burden on the Saia defendants' to demonstrate indispensability when the burden squarely rests on the party opposing joinder (*i.e.* the City) pursuant to the rules of civil procedure.  7 Mass. Prac. § 19.3, *Persons Who Must be Joined – Indispensability to Relief of Parties* ("The party seeking to establish that [its] absence will not preclude complete relief bears the burden of persuading the judge.").  Next, the court fails to address the second prong of Rule 19, Rule 19(a)(2).  "Even if the court concludes that [complete] relief between the extant parties does not depend upon the party-presence of an absentee, *it must pursue a further inquiry*: Does the non-party possess an interest in the action such that his absence will either (a) prejudice his own rights in asserting it; or (b) open one of the extant parties to a 'substantial' risk of multiple or inconsistent liabilities."  7 Mass. Prac. § 19.4, *Persons Who Must be Joined - Interest in the Proceedings*. The tests are alternative and disjunctive, not cumulative.  *Id.*

[2]  The Housing Court does not address any of the well-established law from the Supreme Judicial Court and the intermediate Massachusetts Appeals court which entitle plaintiffs to judgment as a matter of law on the pleadings. Violation of this well-established law set forth in plaintiffs' opposition to the motion to stay now subjects the defendants in this action to inconsistent verdicts.  This well-established law includes: i) *Heritage Park Development Corporation v. Town of Southbridge*, 424 Mass. 71 (1997) (wherein the SJC squarely holds that a construction deadline or any automatic rescission that modifies or terminates the statutory protections of M.G.L. c. 40A for the vesting of property rights is void and not within the City's authority to adopt); ii) *Cohasset Heights, LTD v. Zoning Board of Appeals of Cohasset*, 53 Mass. App. Ct. 116 (2001) (holding the *issuance* of special permit under M.G.L. c. 40A § 9 marks beginning of protection as a prior non-conforming use making a subsequent construction deadline as here void and unenforceable); and iii) contrary to *Champagne v. The Members of the Board of of the North*

Dated: January 20, 2005

Attorney for Saia Defendants

Stephen V. Saia, BBO No. 562009
Law Offices of Stephen V. Saia
70 Old Cart Path Lane
Pembroke, MA 02359
(781) 826-8401

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2005, I delivered a copy of the above document to:

Nancy Frankel Pelletier
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
P.O. Box 15609,
Springfield, MA 01105

Electronic Notification and First Class Mail

David M. Rosen, Esq.,
Harmon Law Offices, P.C.,
150 California Street
P.O. Box 610389
Newton, MA 02458

First Class Mail

Dated: January 20, 2005

Stephen V. Saia

---

*Attleborough Zoning Board of Appeal*, CA C99-0057 slip op. (Superior Court Feb. 2, 2000) (holding a "city or town cannot adopt a new or amended zoning ordinance or by-law which conflicts with pertinent enabling legislation of general application." Thus, the construction deadline for the vesting of property rights is facially inconsistent with M.G.L. c. 40A § 9 which only requires commencement of construction, and *Cohasset Heights*). The City cannot change the time period for the vesting of property rights under § 9 from the commencement of construction within two years as guaranteed by the Legislature in § 9 to completion of construction set forth in the City's by-law. The five year construction deadline, *even if* it survived the City's repeal and remained incorporated by reference into the Special Permit, is in direct conflict with the provisions of M.G.L. c. 40A § 9. Finally, regardless of the alleged validity of the deadline, the six year statute of limitations has patently on the face of the pleadings expired making the City's Enforcement Action filed in October 2000 time barred as a matter of law. *See* M.G.L. c. 40A § 7 (six year statute of limitations applies to validly issued permits). The six year statute of limitations proscribed by M.G.L. c. 40A § 7 expired in January 1993 (six years after the issuance of the Special Permit) and no later than 1997 (six years after the expiration of the five year construction deadline in 1991 as argued by the City).

3