THE TRIAL COURT
COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                                Western Division

No. 00-CV-0501A                             Housing Court Department
    02-CV-0045A

00-CV-00501
CITY OF WESTFIELD, by and through its
Superintendent of Building as Building
Commissioner and Zoning Enforcement
Officer and its Board of Health,
           Plaintiff
v.                                          FINDINGS AND ORDER ON
                                            DEFENDANT FRANK SAIA'S
FRANK R. SAIA, individually and as          MOTION TO JOIN
Administrator of the FRANK R. SAIA          INDISPENSIBLE PARTIES
DEFINED BENEFIT PENSION PLAN,               AND/OR AMEND
LIMITED DIVIDEND CORPORATION OF             COUNTERCLAIM AND FOR
WESTFIELD, CITY VIEW                        JUDGMENT ON THE PLEADINGS
CONDOMINIUM TRUST, DAVID ALLEN
and GENE SPEAR, BEAL BANK SSB,
JOSEPH W. HALPY, JOHN G. HANSEN,
and SUSAN B. HANSEN
           Defendants

      *     *     *     *     *

02-CV-00045
FRANK R. SAIA, Trustee of the FRANK R.
SAIA DEFINED BENEFITS PENSION
TRUST,
           Plaintiff
v.

CITY OF WESTFIELD BY ITS ZONING
BOARD OF APPEALS AND ITS
MEMBERS OF THE ZONING BOARD OF
APPEALS,
           Defendants

-1-

1. Before the Court are the following motions as styled by the Defendant (Saia): "Defendant's Opposition to 'Defendant-in-Counterclaim,' Peter A. Martin's Limited Motion to Dismiss Additional Parties Named in Counterclaim and Motion to Join Indispensible Parties" and "Motion to Join Indispensible Parties and/or Amend Counterclaim, Motion for Judgment on the Pleaings [sic]."

2. It is unclear why Saia has filed two separate motions with the identical substance of seeking to join parties to this case. In addition, it is unclear why Saia has captioned one of his motions in part as "Motion for Judgement on the Pleaings [sic]," as neither the body of the motion, nor the court, addresses that issue.

3. After a full hearing on January 4, 2005, for which all parties were given notice, and a careful reading of the accompanying memoranda, the record is devoid of the suggestion, much less even a preliminary showing, that any of the individuals Saia seeks to join are indispensible to this case; i.e., that Saia cannot gain complete relief on his claims without their joinder as parties. Therefore, Saia has not shown that in the absence of joinder "complete relief cannot be accorded among those already parties," Mass.R.Civ.P. 19(a), and his motion must be denied.

4. The desire to assert a claim against a party within the confines of a civil action does not, in turn, confer upon that party the indispensibility required for joinder under Rule 19. Whether or not Saia possesses valid claims against the parties sought to be joined, a question the Court does not address here, the resolution of the claims sought to be asserted against those parties is not needed for a just adjudication of the existing claims in this case. Saia does not move for joinder under Rule 19(b)(2), nor does he move to join the new parties under Rule 20, a step that would be difficult to justify given that Saia has already brought against

those parties, in the Federal District Court, the same claims he seeks to assert against them here.

5. For the above reasons, the motions set forth in ¶ 1, above, are hereby DENIED.

6. Pursuant to paragraph 4 of the Further Pre-Trial Scheduling Order dated November 23, 2004, the schedule established by the Court Order of September 28, 2004, paragraphs 2 through 6, hereby commences and will run as stated therein.

So entered this 6th day of January, 2005.

William H. Abrashkin
First Justice