UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| FRANK R. SAIA, individually and as Administrator of the FRANK R. SAIA DEFINED BENEFIT PENSION PLAN, LIMITED DIVIDEND CORPORATION OF WESTFIELD, and CITY VIEW COMMONS CONDOMINIUM TRUST,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF WESTFIELD, ZONING BOARD MEMBERS (John and Jane Does #1-10), CITY COUNCIL MEMBERS (John and Jane Does #1-10), CHARLES KELLOGG, (former Inspector of Buildings of the City), DONALD C. YORK (Superintendent of Buildings), JAMES BOARDMAN (Community Development Director), DAN REARDON (Director of Public Health), PAUL J. CASEY (Assistant City Solicitor), and PETER A. MARTIN (Assistant City Solicitor), all Defendants named individually and in their official capacity,<br><br>        Defendants. | Civil Action No. 04-30143-MAP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR EXTENSION OF TIME**

      Plaintiffs submit this memorandum in opposition to defendants' motion for an extension

of time to respond to the *Complaint*.

**ARGUMENT**

In their motion, the City of Westfield and the Individual Defendants' ("Defendants") request 60 days *plus* an indeterminate amount of time while they await a copy of a transcript of the hearing before the Housing Court on January 4, 2005 to respond to the *Complaint*. Defendants' request unnecessarily delays their response to the *Complaint*.

First, plaintiffs served the *Complaint* on November 29, 2004.[1] Thus, Defendants already have had 60 days to formulate their response to the *Complaint*. Another 60 days *plus* an unknown amount of time while Defendants await a copy of a transcript, *plus* additional time while this court enters an appropriate order are wholly unnecessary and prejudices plaintiffs by providing Defendants over 120 days to respond to the *Complaint*.

Second, there were no admissions or representations made during the hearing on January 4, 2005 that change the allegations in the *Complaint* or the well established law to which Defendants must respond. There is also no requirement that plaintiffs' serve Defendants under Rule 4(d) allowing Defendants 60 days to respond under 4(d)(3).

Third, the notion that plaintiffs are not prejudiced by the City's Enforcement Action and the Individual Defendants' conduct is false. Plaintiffs are clearly prejudiced by any delay in resolving this action. Plaintiffs for well over a year have repeatedly sought to bring these issues to the attention of the Housing Court by filing their motion to amend the counterclaim in October 2003 and numerous other papers alerting the Housing Court and the Defendants of potential individual liability. *See Plaintiffs' Opposition to Defendants' Motion to Stay* previously submitted. Plaintiffs have been forced to bring their claims in federal court to preserve them.

---

[1] All parties have been served, *except* the City Council Members, John and Jane Does #1-10. Despite the Sheriff's attempts to serve them at the City of Westfield's Municipal Office Building, 59 Court Street, Westfield, MA 01085, attorney for the City refused to accept service. Plaintiffs will seek to serve the City Council Members.

2

There has *never* been any delay by plaintiffs in asserting their claims against the City or their claims against the Individual Defendants.

The Defendants without any basis in law seek to destroy privately owned property *without just compensation* and have engaged in systematic violations of plaintiffs' civil rights as set forth in the *Complaint*. The Defendants seek to condemn the same property interests that the City and its Zoning Board unanimously approved and created 17 years ago in 1987 when the City issued valid permits for the construction of City View Commons. The Defendants waited 13 years after the issuance of the Special Permit in 1987 and building permits in 1988 to file their Enforcement Action in October 2000. The Enforcement Action is *patently* on the face of the pleadings time barred because it is outside the six year statute of limitations under M.G.L. c. 40A § 7. The six year statute of limitations clearly applies to projects and any structure that received valid permits, as here. Even if the construction deadline is valid (which it is not because it is void under *Heritage Park* and has been repealed), the statute of limitations to enforce the deadline expired in 1993 (six years after the issuance of the Special Permit in 1987 that authorized construction), and no later than 1997 (six years after the repealed construction deadline expired in 1991 as argued by the City).[2] Defendants have failed as required by the express provisions of 40A § 7 to commence *and* record the Enforcement Action in the registry of deeds within the six year statute of limitations. Defendants filed outside the six year statute of

---

[2] The six-year statute of limitations provides in full as follows:

> [I]f real property has been improved and used in accordance with the terms of the original building permit issued by a person duly authorized to issue such permits, ***no action, criminal or civil, the effect or purpose of which is to compel the abandonment***, limitation or modification of the use allowed by said permit ***or the removal, alteration or relocation of any structure erected in reliance upon said permit by reason of any alleged violation*** of the provisions of this chapter, or ***of any ordinance or by-law adopted thereunder, shall be maintained, unless such action, suit or proceeding is commenced and notice thereof recorded in the registry of deeds*** for each county or district in which the land lies ***within six years*** next after the commencement of the alleged violation of law[.] M.G.L. c. 40A, § 7 (emphasis added).

3

limitations, and have *never* tolled the statute of limitations because they *never* recorded the Enforcement Action in the registry of deeds as required by M.G.L. c. 40A § 7. *See* M.G.L. c. 40A § 7 (no action to compel the abandonment or the removal of any structure erected in reliance upon said permit by reason of any alleged violation of any ordinance "shall be maintained, unless such action … is commenced *and* notice thereof recorded in the registry of deeds … within six years … of the alleged violation of law."). Moreover, neither plaintiffs nor the original developer can violate a void construction deadline condition, or one that has been *repealed* or *waived* by the City itself in September 1987 making it no longer applicable and unenforceable. *Id.*

The Defendants continue to deny plaintiffs all use and enjoyment of their property, which achieved protected status upon the issuance of the Special Permit in 1987 and commencement of construction under M.G.L. c. 40A § 9. *Cohasset Heights, LTD v. Zoning Board of Appeals of Cohasset*, 53 Mass. App. Ct. 116 (2001) (holding the *issuance* of special permit under M.G.L. c. 40A § 9 marks beginning of protection as a prior non-conforming use making a subsequent construction deadline as here void and unenforceable); *see also Heritage Park Development Corporation v. Town of Southbridge*, 424 Mass. 71 (1997) (wherein the SJC squarely holds that a construction deadline or any automatic rescission that modifies or terminates the statutory protections of M.G.L. c. 40A designed to protect developers for the vesting of property rights is void and not within the City's authority to adopt).

Significantly, Defendants have chosen to selectively enforce a repealed condition that is void as a matter of law, outside the statute of limitations and not a matter of public record against plaintiffs who had *nothing to do with the original project*. Defendants seek the *complete forfeiture of plaintiffs' property interests without just compensation* and have engaged in other

4

violations of plaintiffs' civil rights. The Defendants' actions, among other things: i) have denied plaintiffs use and occupation of their property interests; ii) denied rental income from existing and completed units (*i.e.* Unit 4 which received a certificate of occupancy from the City in December 1989 and has been continuously occupied since then); iii) denied plaintiffs the right to repair the completed Unit 4; and iv) have resulted in continued waste of the property. At the same time Defendants have denied plaintiffs all use and enjoyment of their property, the City has continued to tax the property as it was originally permitted and engaged in clear violations of plaintiffs' civil rights contrary to well-established law.

Fourth, the City's Enforcement Action, the Individual's Defendants' conduct and the Housing Court's order granting the City partial summary judgment are all *patently* contrary to well established law from the Supreme Judicial Court, the Massachusetts Appeals Court and the First Circuit, subjecting the Individual Defendants to personal liability.[3] The Housing Court's order upholding the validity of a construction deadline is contrary to the rulings of the Supreme Judicial Court of Massachusetts, and Defendants' conduct continues to work a manifest injustice

---

[3] The well-established law from the Supreme Judicial Court and the intermediate Massachusetts Appeals court which entitle plaintiffs to judgment as a matter of law on the pleadings is set forth in plaintiffs' opposition to the motion to stay. This well-established law includes: i) *Heritage Park Development Corporation v. Town of Southbridge*, 424 Mass. 71 (1997) (wherein the SJC squarely holds that a construction deadline or any automatic rescission that modifies or terminates the statutory protections of M.G.L. c. 40A for the vesting of property rights is void and not within the City's authority to adopt); ii) *Cohasset Heights, LTD v. Zoning Board of Appeals of Cohasset*, 53 Mass. App. Ct. 116 (2001) (holding the *issuance* of special permit under M.G.L. c. 40A § 9 marks beginning of protection as a prior non-conforming use making a subsequent construction deadline as here void and unenforceable); and iii) contrary to *Champagne v. The Members of the Board of of the North Attleborough Zoning Board of Appeal*, CA C99-0057 slip op. (Superior Court Feb. 2, 2000) (holding a "city or town cannot adopt a new or amended zoning ordinance or by-law which conflicts with pertinent enabling legislation of general application." Thus, the construction deadline for the vesting of property rights is facially inconsistent with M.G.L. c. 40A § 9 which only requires commencement of construction, and *Cohasset Heights*). The City cannot change the time period for the vesting of property rights under § 9 from the commencement of construction within two years as guaranteed by the Legislature in § 9 to completion of construction set forth in the City's by-law. The five year construction deadline, *even if* it survived the City's repeal and remained incorporated by reference into the Special Permit, is in direct conflict with the provisions of M.G.L. c. 40A § 9. Finally, regardless of the alleged validity of the deadline, the six year statute of limitations has patently on the face of the pleadings expired making the City's Enforcement Action filed in October 2000 time barred as a matter of law. *See* M.G.L. c. 40A § 7 (six year statute of limitations applies to validly issued permits). The six year statute of limitations proscribed by M.G.L. c. 40A § 7 expired in January 1993 (six years after the issuance of the Special Permit) and no later than 1997 (six years after the expiration of the five year construction deadline in 1991 as argued by the City).

5

against plaintiffs. *See King v. Driscoll*, 424 Mass. 1 (1996) (where controlling authority has made a contrary decision of the law applicable to such issues, *or the decision was clearly erroneous and would work a manifest injustice*, the issue *should* be reopened) (emphasis added) citing *White v. Murtha*, 377 F.2d 428, 432 (5th Cir. 1967); *United States v. Rivera-Martinez*, 931 F.2d, 148, 151 (1st Cir.), *cert. denied*, 50 U.S. 862 (1991).

Finally, plaintiffs are willing to grant reasonable extensions of time to respond to the *Complaint in exchange* for a similar extension of time granted to plaintiffs to respond to Defendants' forthcoming motion to dismiss. *See* Plaintiffs' December 19, 2004 letter to Attorney Pelletier attached to Defendants' Motion to Stay filed December 20, 2004 requesting 30 days to respond to Defendants' papers. Plaintiffs, however, will not agree to an additional 60 days *plus* an indefinite extension of time while Defendants request a copy of a transcript that will not in any way impact on the allegations in the *Complaint*. Such a request needlessly delays addressing the well pled allegations in the *Complaint*, the facts admitted to by the City, and the well established law that renders the Enforcement Action improper.

## CONCLUSION

For the reasons set forth above, this court should deny Defendants' motion to extend time and enter an appropriate scheduling order that requires Defendants to move to dismiss the *Complaint* and grants plaintiffs additional time to respond to the forthcoming motion to dismiss.

Dated: February 1, 2005                                        Attorney for Saia Defendants

By: /ss/ *Stephen V. Saia*
Stephen V. Saia, BBO No. 562009
Law Offices of Stephen V. Saia
70 Old Cart Path Lane
Pembroke, MA 02359
(781) 826-8401

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2005, I delivered a copy of the above document to:

| | |
|---|---|
| Nancy Frankel Pelletier<br>Robinson Donovan, P.C.<br>1500 Main Street, Suite 1600<br>P.O. Box 15609,<br>Springfield, MA 01105 | Electronic Notification and First Class Mail |
| David M. Rosen, Esq.,<br>Harmon Law Offices, P.C.,<br>150 California Street<br>P.O. Box 610389<br>Newton, MA 02458 | First Class Mail |

Dated: February 1, 2005                    By: /ss/ *Stephen V. Saia*