| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT Hampden _____ Division | DOCKET NUMBER 94-749 |
|---|---|---|
| PLAINTIFF(S) Frank R. Saia, administrator of the Frank R. Saia Defined Benefit Pension Plan | | DEFENDANT(S) City of Westfield Zoning Board of Appeals |
| ATTORNEY(S) FIRM NAME, ADDRESS AND TEL) Frank R. Saia, J.D.  BBO# 437920 55 State Street Springfield, MA 01103    (413) 736-3611 Board of Bar Overseers # (Required) | | ATTORNEY(S) (if known) HAMPDEN COUN. SUPERIOR COURT FILED MAY 25 1994 |

## ORIGIN CODE AND TRACK DESIGNATION

Place an ☒ in one box only:

- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct. c231, s. 104 (F)
- ☐ 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)
- ☐ 4. F04 District Ct. Appeal c231, s. 97 (X)
- ☐ 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
- ☐ 6. E10 Summary process appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C02 | Zoning Appeal - G.L. c. 40A | (F) | ☐ Yes   ☒ No |

**1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)**

Plaintiff applied for special permit pursuant to G.L. c. 40A s. 6 and local ordinance for alteration of non-conforming, pre-existing structure. Plaintiff was denied said permit and appealed to the defendant, which upheld the denial of the special permit. Plaintiff seeks judicial review as the plaintiff was improperly denied said permit in violation of G.L. c. 40A s. 6 and local ordinance 1500.3, and in violation of State and Federal Constitutions.

**2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:**

The ZBA has taken a valuable property without compensation. Unit 18 is a single faMILY HOUSE ON 25 ACRE tract with spaces for 25 single family homes clustered so as to maximize open space. 13 of the homes have been built and vandalized. One home is occupied. The fair market value of each house exceeds $100,000.00 as each contains 3 bedrooms one full bath, one ful bath in master bedroom 1/2 bath in basement laundry room. Two fireplaces, cathedral ceilings. The improvements observed with drainage etc.

**3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.**

Attest: Barbara Wolulecki Deputy Assistant Clerk

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF  Frank R Saia    DATE 5/25/94

---

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**
**DISPOSITION**

A. Judgment Entered
- ☐ 1. Before jury trial or non-jury hearing
- ☐ 2. During jury trial or non-jury hearing
- ☐ 3. After jury verdict
- ☐ 4. After court finding
- ☐ 5. After post trial motion

B. No Judgment Entered
- ☐ 6. Transferred to District Court under G.L. c.231, s.102C.
Disposition Date _____

RECEIVED BY: _____ DATE _____ DISP _____ BY: _____ DATE: _____

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION:
94: 749

FRANK R. SAIA, ADMINISTRATOR OF )
THE FRANK R. SAIA DEFINED BENEFIT )
PENSION PLAN, )
        Plaintiff )
vs. )
CITY OF WESTFIELD ZONING BOARD )
OF APPEALS, )
        Defendant )

HAMPDEN COUN.
SUPERIOR COURT
FILED
MAY 25 1994

## COMPLAINT

A. **Parties**

1. The plaintiff, Frank R. Saia, administrator of the Frank R. Saia defined Benefit Pension Plan, is a natural person with offices located at 55 State Street, Springfield, Hampden County, Massachusetts.

2. The defendant, City of Westfield Zoning Board of Appeals is a permit granting authority of the City of Westfield, a municipality of the Commonwealth of Massachusetts.

B. **Jurisdiction**

3. Jurisdiction of this matter arises from M.G.L. c. 40A s. 17, as this is an appeal by a party aggrieved by a decision of a permit granting authority relating to real property located within Hampden County.

C. **Statement of Facts**

4. The plaintiff purchased property located at 136 City View Road, Unit 18 City View Commons, Westfield, at auction from the Federal Deposit Insurance Corporation. Said purchase is evidenced by a Quitclaim Deed recorded on November 18, 1993 in the Hampden County Registry of Deeds at Book 8639, Page 332. (Exhibit 1)(The plaintiff's property will hereafter be referenced as "Unit 18").

5. City View Commons was a condominium project lawfully created pursuant to a special permit granted to John Liquori and Thomas Liquori in 1986. Said special permit was to lapse on July 8, 1991, unless a waiver was granted by the Westfield Planning Board. Said special permit was required because the condominium complex was to be created in a district zoned as rural residential. There are to be 25 single family condominium units constructed on 25 acres in a cluster, of which 13 are built.

6. At the time of the issuance of the special permit in 1986, City of Westfield Ordinance number 846 was in effect, which regulated condominium projects within the City of Westfield. Unit 18 was constructed with a lawful building permit and is ninety percent (90%) completed to date.

7. Said ordiance was repealed in September, 1987, and thereafter a condominium project such as City View Commons would not be a lawful use of property zoned as rural residential under the City of Westfield Zoning Ordinance.

8. After purchasing Unit 18, the plaintiff applied for a special permit pursuant to City of Westfield Ordinance section 1500.3 and M.G.L. c. 40A s. 6, for the purpose of completing Unit 18 into habitable condition. (Exhibit 2 - Ordinance s. 1500.3).

9. Section 1500.3 provides that a pre-existing non-conforming structure that was lawful when originally constructed or begun may be extended or altered when the alterations will not be substantially more detrimental than the existing non-conforming structure. Any alteration of the structure greater than ten percent (10%) requires the issuance of a special permit. The plaintiff does not intend alteration to the structure as it stands. Rather, he is requesting a building permit for the purpose of completing Unit 18, of which the majority of the work to be done is to the interior of the rooms of the Unit 18 structure. The plaintiff's goal is to obtain a certificate of occupancy for Unit 18.

10. The plaintiff was denied a building permit and appealed to the defendant, City of Westfield Zoning Board of Appeals.

11. The defendant, in a decision filed with the Westfield City Clerk on May 18, 1994, upheld the denial of the plaintiff's building permit. (Exhibit 3).

12. As the basis of the defendant's decision, the Defendant states "that there could be no extention or alteration of a use when the structure or use never existed in the first instance." (Exhibit 3). The defendant is in error because a structure clearly exists. (Exhibit 4 - pictures of Unit 18).

13. The defendant also rendered its decision based upon testimony as to the condition of the City View Commons Condominium project. (Exhibit 3). This is inappropriate as zoning ordinances are primarily concerned with the use to which land is put, not its condition.

14. The defendant exceeded it authority when it upheld the building inspect decision denying the plaintiff a special permit under section 1500.3 because the evidence presented to the defendant does not establish that the plaintiff's proposed alterations would be "substantially more detrimental than the existing non-conforming use or structure" as required by section 1500.3 (Exhibit 2) and M.G.L. c. 40A s. 6.

D. Count I

15. The plaintiff incorporates paragraphs 1 through 14 of this complaint by reference.

WHEREFORE, the plaintiff, Frank R. Saia, administrator of the Frank R. Saia Defined Benefit Pension Plan, requests that this Honorable Court annull the decison of the defendant pursuant to M.G.L. c. 40A s. 17 and order that the plaintiff be issued a special permit for the Unit 18 property pursuant to City of Westfield Ordinance section 1500.3 and M.G.L. c. 40A s. 6.

E. Count II

16. The plaintiff incorporates paragraphs 1 through 15 of this complaint by reference.

17. The defendant, by improperly denying the plaintiff a special permit for the Unit 18 property, has denied the plaintiff equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Part I, Article 1 of the Constitution of the Commonwealth of Massachusetts.

18. The defendant's improper denial of a special permit for the Unit 18 property amounts to a regulatory taking of property without just compensation, in violation of the Fifth Amendment to the United States Constitution and Part I, Article 10 of the Constitution of the Commonwealth of Massachusetts.

BOOK 8639 PAGE 331

EXHIBIT 1

84315

## QUITCLAIM DEED

KNOW ALL MEN BY THESE PRESENTS THAT AMHERST SAVINGS REALTY CORPORATION, a Massachusetts Corporation with a usual place of business at One Research drive, Westborough, Massachusetts, for consideration paid and in full consideration of SEVENTEEN THOUSAND AND 00/100 ($17,000.00) DOLLARS grants to FRANK R. SAIA, ADMINISTRATOR OF THE FRANK R. SAIA DEFINED BENEFIT PENSION PLAN, of 55 State Street, Springfield, Hampden County, Massachusetts with quitclaim covenants

The land in Westfield, Hampden County, Massachusetts as shown on a plan of land entitled "CITY VIEW COMMONS CONDOMINIUM - SITE PLAN" dated April 22, 1988, and revised June 7, 1988 and June 8, 1988, drawn by D. L. Bean, Inc., and recorded in the Hampden County Registry of deeds in Book of Plans 257, Page 78, more accurately bounded and described as follows:

PARCEL 18

Beginning at a point thirty and 00/100 (30.00) feet lying S. 81° 04' 57" W. from a cement bound in the easterly boundary line of the land as shown on said plan, being the northeast corner of the parcel herein described; thence

S. 08° 55' 03" E.   a distance of forty-eight and 00/100 (48.00) feet to a point; thence

S. 81° 04' 57" E.   a distance of twenty-four and 00/100 (24.00) feet to a point; thence

N. 08° 55' 03" W.   a distance of forty-eight and 00/100 (48.00) feet to a point; thence

N. 81° 04' 57" E.   a distance of twenty-four and 00/100 (24.00) feet to the point of beginning.

Subject to an easement for electricity to the City of Westfield as shown on plans recorded in the Hampden County Registry of Deeds in Book of Plans 226, Pages 77, 78 and 79.

Subject to an Order of Conditions of the Westfield Conservation Commission dated June 3, 1987 and recorded in the Hampden County Registry of Deeds in Book 6531, Page 294.

Subject to provisions of the City View Commons Condominium Master Deed and Declaration of Trust, both dated June 8, 1988 and recorded in the Hampden County Registry of Deeds on June 9, 1988 in Book 6861, Page 520 and Book 6861, Page 552, respectively, as amended.

Subject to and with the benefits of the provisions of Massachusetts General Laws Chapter 183A as now in force and from time to time amended.

Property address: Building 18, 136 City View Rd., Westfield, MA



BOOK 8639 PAGE 332

Being the same premises conveyed to the grantor herein by deed dated December 31, 1990 and recorded with the Hampden County Registry of Deeds in Book 7651, Page 295.

This conveyance does not constitute a sale of all or substantially all of the assets of Amherst Savings Realty Corporation in the Commonwealth of Massachusetts

IN WITNESS WHEREOF, the said AMHERST SAVINGS REALTY CORPORATION, has caused its corporate seal to be hereto affixed and these presents to be signed, acknowledged and delivered in its name and behalf by Steven C. Chaney, its President and James A. Watt its Treasurer, this 10th day of November, 1993.

Signed and sealed in the presence of

AMHERST SAVINGS REALTY CORPORATION

By: Steven C. Chaney
Its President

By: James A. Watt
Its Treasurer

COMMONWEALTH OF MASSACHUSETTS

Hampden . ss.                    November 10th 1993

Then personally appeared the above named Steven C. Chaney and James A. Watt and acknowledged the foregoing instrument to be their free act and deed and the free act and deed of AMHERST SAVINGS REALTY CORPORATION before me,

Mary A Skmn
Notary Public
My Commission Expires: 2-12-99

RECEIVED
NOV 18 1993
AT 11:36 AM AND
REG'D FROM THE ORIGINAL

EXHIBIT 2

# ARTICLE XV

## GENERAL REGULATIONS

Section 1500 - Non-Conforming Buildings, Structures or Uses. A permitted use located in a building which violates the side, rear or front yard requirements, or the minimum lot size requirements, shall be permitted to expand, or be reconstructed, or in all other ways be treated as a conforming use as long as such changes do not further violate the side, rear, front yard, or parking requirements.

1. Continuation. Any lawful use of a building or structure, or land existing at the effective date of this ordinance, and located in a zoning district in which it may not be permitted as a new use under the provisions of this ordinance may be continued.

2. Change in Use. No non-conforming use of a building, structure, or land shall be changed to another use which is substantially different from the former non-conforming use, EXCEPT one which is permitted by this ordinance in the district in which such use is located. Whenever a non-conforming use of land, structure, or building has been changed to a conforming use, it shall not thereafter be changed to a non-conforming use.

3. Alteration and extension. Preexisting non-conforming structures or uses which were lawful uses at the time they were constructed or begun may be extended or altered provided that any extension or alteration shall in excess of 10% shall require a special permit from the Board of Appeals. Such extension or alteration shall be permitted by the Board of Appeals provided that the finding is made by said Board that such alteration will not be substantially more detrimental than the existing non-conforming use or structure.

   Such finding shall be in the form of a special permit and such special permit shall conform to any subsequent amendments of this ordinance or bylaw unless the use or construction is commenced with a period of not more than six months after the issuance of the permit and in the case of construction, unless such construction is continued through to completion as continuously and expeditiously as is reasonable.

4. Abandonment. Any non-conforming use of land, buildings or structures voluntarily abandoned for a period of two (2) years or more shall not thereafter be re-established.

5. **Restoration of Damaged Buildings.** A non-conforming use or building which has been partially damaged by fire, explosion, flood, riot, or other phenomenon, or legally condemned, may be restored and continued, PROVIDED, however the established cost of such restoration does not exceed eighty (80) percent of the fair market value of the building, based on replacement cost immediately prior to such damage, and that the building restoration shall be commenced within twelve (12) months from the date the building was partially destroyed or condemned. (11/20/90)

6. **Agricultural Exemption.** Buildings, structures, or land used primarily for agriculture, horticulture, or floriculture are exempt from paragraphs 3 and 4 of this section.

**Section 1501 - Non-Conforming Residential Lots.** Any lot at the effective date of this ordinance, that does not meet the area and/or frontage requirements of this ordinance, but complies with any minimum area, frontage, width and depth requirements in force at the time the lot was lawfully laid out by plan or deed, duly recorded, or any lot shown on a plan endorsed with the words "Approval under the Subdivision Control Law not required", or words of similar import, MAY BE BUILT UPON for residential use, PROVIDED that such lot is in a district zoned residential under the provisions of this ordinance and <u>meets the following additional conditions</u>:

1. **A Lot in Single and Separate Ownership.** In the case of a lot held in single and separate ownership at the time of enactment of this ordinance and subsequent amendments thereto, a lot with an area of five thousand (5,000) square feet or more and a frontage of fifty (50) feet or more, may be built upon.

2. Deleted in it's entirety: 12/15/88

3. **Common Ownership of Two or More Lots.** In the case of two or more nonconforming lots held in common ownership and laid out and recorded in the Registry of Deeds prior to the enactment of this ordinance, the lot lines must be revised to conform with the minimum lot size and frontage enacted as part of this ordinance or subsequent amendments thereto.

Remaining paragraph deleted as of 12/15/88.

4. Deleted in it's entirety: 12/15/88