# THE TRIAL COURT
# COMMONWEALTH OF MASSACHUSETTS

Hampden, ss. Western Division

No. 00-CV-0501A Housing Court Department
02-CV-0045A

---

**00-CV-00501**

**CITY OF WESTFIELD, by and through its Superintendent of Building as Building Commissioner and Zoning Enforcement Officer and its Board of Health,**
Plaintiff

v.

**FRANK R. SAIA, individually and as Administrator of the FRANK R. SAIA DEFINED BENEFIT PENSION PLAN, LIMITED DIVIDEND CORPORATION OF WESTFIELD, CITY VIEW CONDOMINIUM TRUST, DAVID ALLEN and GENE SPEAR, BEAL BANK SSB, JOSEPH W. HALPY, JOHN G. HANSEN, and SUSAN B. HANSEN,**
Defendants

* * * * *

**02-CV-00045**

**FRANK R. SAIA, Trustee of the FRANK R. SAIA DEFINED BENEFITS PENSION TRUST,**
Plaintiff

v.

**CITY OF WESTFIELD BY ITS ZONING BOARD OF APPEALS AND ITS MEMBERS OF THE ZONING BOARD OF APPEALS,**
Defendants

---

**RULINGS AND ORDER SETTING FORTH OUTSTANDING LEGAL ISSUES TO BE ADDRESSED BY THE PARTIES**

1. The court has taken a number of steps designed to clarify and define the legal

issues outstanding in these consolidated cases. These include (1) a careful and in-depth review of the pleadings, prior motions, rulings, and orders; and (2) an opportunity for each party to submit its "Statement of Issues" and to respond to the statements submitted by other parties. The results of this process are set forth below. As can be seen, although the condominium development that is the subject of these cases has a long and difficult history, the claims involved in these cases are relatively direct.

2. In the first case, No. 00-CV-0501, The City of Westfield (City) Building Inspector issued a stop work order after he determined that construction work on certain of the condominium units was proceeding without building permits; the City then brought the action seeking, and obtaining, an injunction to enforce the stop work order. In the second case, No. 02-CV-0045, the defendants (for ease of reference, referred to herein as "Saia") applied for building permits for ten of the condominium units; the application was denied, the denial upheld by the Zoning Board of Appeals, and Saia brought the action under G.L. c. 40A, § 17 seeking to reverse the ZBA decision. In their simplest form, then, the questions presented by these cases are (1) whether the City's stop work order was valid; and (2) whether the ZBA erred in upholding the denial of Saia's building permit applications. The City's positions, of course, is that no error is found in either the stop work order or the ZBA decision.

3. In his challenge to these positions, Saia puts forth several arguments, as follows: (1) the City did not commence its enforcement action within the governing statute of limitations period found in G.L. c. 40A, § 9; (2) the purported deadline for completing work on the condominium development of five years, set forth in the prior Westfield ordinance (since repealed), is unenforceable so that Saia is entitled to obtain permits to continue, and

presumably complete, work on the condominium development; and (3) the condominium development is entitled to protection as a pre-existing, nonconforming use.

4. The issues raised by these arguments, and that must be addressed by the parties and the court, are as follows:

*A.* Which limitations period contained in G.L. c. 40A, § 9, applies to the commencement of the City's action (No. 00-CV-0501), the six-year or the ten-year period?

***B.*** Did the City properly commence its enforcement action within the applicable limitations period?

***C.*** If the City commenced its enforcement action within the applicable limitations period, do any amendments to its complaint relate back to the time of filing?

***D.*** During the time that Westfield Ordinance 846 was in effect, was the five-year completion deadline set forth therein valid and enforceable, or invalid and unenforceable as in conflict with G.L. c. 40A, § 9?

***E.*** If the five-year completion deadline is not invalid and unenforceable as in conflict with c. 40A, § 9, is that deadline nevertheless unenforceable as to the original owners and/or as to Saia because the special permit issued by the City does not make specific reference to the deadline or to Ordinance 846?

***F.*** If the five-year completion deadline is not invalid and unenforceable as in conflict with c. 40A, § 9, and if it is enforceable despite the lack of reference in the special permit to the deadline or to Ordinance 856, is Saia still subject to

the five-year deadline following the repeal of Ordinance 846?

*G.* At the time the City's action was commenced, was the subject condominium development entitled to protection as a pre-existing, nonconforming use?

*H.* Did the Zoning Board of Appeals err in upholding the denial of Saia's application(s) for building permits, so that Saia is now entitled to issuance of those permits?

*I.* Is unit #4 entitled to different treatment from the remainder of the condominium development by reason of the issuance of a certificate of occupancy for that unit or for any other reason, or is unit #4 subject to the same terms, conditions, and requirements that apply to the remainder of the development?

5. At the hearing on May 15, 2006, the City represented that it believes that the cases are now in an appropriate posture for summary judgment. As stated at the hearing, the City shall have sixty days from the date of this order to file and serve its motion for summary judgment. Saia and other defendants shall have sixty days thereafter to file and serve their oppositions to the City's motion. If Saia and/or any other party also wishes to move for summary judgment, such motion(s) shall also be filed and served within the initial sixty day

period, with the opposing parties also having sixty days after filing and service to respond.[1, 2]

6. Counterclaims raised by Saia will be addressed after ruling on the above motions for summary judgment.

So entered this 25th day of May, 2006.

William H. Abrashkin
First Justice

cc: Peter Montori, Esq., Assistant Clerk Magistrate
Michael Gove, Esq., Law Clerk

[1] To the extent that any party believes that any of the above questions have already been addressed in prior rulings in the case, they are requested to briefly identify those rulings, briefly summarize the arguments underlying the rulings, and attach copies of the rulings to their motions.

[2] The parties are also requested to attach all papers cited in connection with their summary judgment motions and oppositions and to number or letter those papers clearly, rather than referring to prior filings in the case.