COMMONWEALTH OF MASSACHUSETTS
HOUSING COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS                                      WESTERN DIVISION
                                                 NO. 00-CV-0501A

CITY OF WESTFIELD, by and           )
Through its Superintendent of       )
Building as Building Commissioner   )
and Zoning Enforcement Officer      )
and its Health Department,          )
        Plaintiff                   )      FIRST AMENDED
                                    )      COMPLAINT
vs.                                 )
                                    )
FRANK R. SAIA, individually         )
And as Administrator of the         )
FRANK R. SAIA DEFINED               )
BENEFIT PENSION PLAN,               )
LIMITED DIVIDEND                    )
CORPORATION OF WESTFIELD            )
CITY VIEW COMMONS                   )
CONDOMINIUM TRUST                   )
DAVID ALLEN and GENE SPEAR,         )
        Defendants.                 )

I.

PARTIES

1. Plaintiff City of Westfield is a Massachusetts municipal corporation with its principal place of business at 59 Court Street, Westfield, Hampden County, Massachusetts. The Superintendent of Building serves as both the City Building Commissioner, exercising powers and responsibilities under the State Building Code, 780 CMR 101.0, et seq. and as zoning enforcement officer exercising powers and responsibilities under M.G.L. C. 40A. The City of Westfield Health Department exercises the powers granted under M.G.L. C. 111 and various codes such as the State Sanitary Code, 105 CMR 400.00 et seq. and the State Environmental Code, 310 CMR 15.000, et seq.



2. Defendant Frank R. Saia is an adult resident citizen of the Town of Longmeadow, Hampden County Massachusetts, who is employed as an attorney at law with his law offices located at 106 State Street, Springfield, Hampden County, Massachusetts. On information and belief Frank R. Saia is Administrator of the Frank R. Saia Defined Benefit Pension Plan and, as such, is the sole individual responsible for the management of the plan.

3. Defendant Frank R. Saia Defined Benefit Pension Plan (hereinafter "Plan" or "the Plan") is, on information and belief, a business entity created by and solely controlled by Frank R. Saia, with its principal place of business located at 106 State Street, Springfield, Hampden County, Massachusetts.

4. Defendant Limited Dividend Corporation of Westfield (hereinafter "Limited Dividend") is a corporation organized on October 3, 1997 under the laws of the Commonwealth of Massachusetts with, on information and belief, Frank R. Saia as its President, Treasurer and Agent/Clerk and with its principal place of business located at 106 State Street, Springfield, Hampden County, Massachusetts.

5. Defendant City View Commons Condominium Trust (hereinafter the "trust") is a condominium association created in accordance with the requirements of M.G.L. C. 183A by the recording of a trust instrument in Hampden County Registry of Deeds at Book 6861, Pages 555, et seq. On information and belief Frank R. Saia claims control of the trust.

6. On information and belief Defendant David Allen is an adult resident citizen of Springfield, Hampden County, Massachusetts, who resides at 101 Lowell Street.

7. Defendant Gene Spear is an adult resident citizen of the City of Westfield, Hampden County, Massachusetts, who resides at 136 City View Road, Unit 4.

II.

COMMON FACTUAL ALLEGATIONS

8. On or about January 20, 1987 the City of Westfield Planning Board granted to John and Thomas Liquori a special permit to develop a condominium complex to be located at 136 City View Road, Westfield, Hampden County, Massachusetts. The complex came to be known as "City View Commons".

9. On or about June 9, 1988 a Master Deed for City View Commons Condominium and a Declaration of Trust were recorded at the Hampden County Registry of Deeds.

10. In September, 1987, the zoning ordinance under which City View Commons was permitted was repealed by the City.

11. On or about December 27, 1989, an occupancy permit was granted by the then Superintendent of Building to allow occupancy of one unit at City View Commons, to-wit: "unit four (4)."

12. The area of 136 City View Road was not in 1987 and is not today served by city septic sewers. Thus, City View Commons required an onsite private sewage disposal system or series of onsite private sewage disposal systems to operate. At all times material hereto, installation of an onsite private sewage disposal system requires the approval and inspection of the Health Department.

13. The zoning ordinance under which City View Commons had been permitted required that the project be completed within five (5) years after the permit was granted. As of January 20, 1992 unit four (4) was the only unit completed and it remains the only unit completed to this day.

14. On information and belief, the Plan is the purported owner of unit 4 and unit 4 is occupied by a tenant, namely, Gene Spear.

15. The remaining "units" are in various stages of completion, some remain unimproved lots while some are partially completed structures.

## COUNT I

16. Plaintiff repeats and restates as if set forth herein numbered paragraphs one through fourteen, above.

17. On or about November 16, 1993, Saia applied for a building permit (hereinafter "1993 application") for the property located at 136 City View Road.

18. The 1993 application was denied by Charles Kellogg, at the time the Superintendent of Building and, hence, the Building Commissioner for the City.

19. Defendant Saia appealed the denial of the 1993 application to the Westfield Zoning Board of Appeals (hereinafter "ZBA").

20. By decision filed with the City Clerk on or about May 18, 1994, the ZBA upheld the Building Commissioner's denial of the 1993 application.

3

21. Defendant Saia did cause to be filed a civil action in Hampden Superior Court seeking, among other things, to annul and reverse the decision of the ZBA, said civil action styled Frank R. Saia, Administrator Frank R. Saia Defined Benefit Pension Plan vs. City of Westfield Zoning Board of Appeals, Civil Action No. 94-749. By joint Stipulation of Dismissal with Prejudice dated and filed with the Court December 11, 1996, the case was dismissed with prejudice.

22. On or about September 8, 2000 Saia performed, or caused to be performed, construction work on the property at 136 City View Road without having first applied for the required building permits.

23. On or about September 8, 2000, Donald York, then and now the City Superintendent of Building, and hence City Building Commissioner, posted a Stop Work Notice on the premises.

24. On September 30, 2000, the Building Commissioner found the Notice had been torn down and then undertook to post Stop Work Notices on each of the unfinished structures on the site.

25. Notwithstanding the Stop Work postings, construction work continued.

26. On or about October 5, 2000 the instant civil action was commenced upon the filing of a Verified Complaint and request for Temporary Restraining Order.

27. On or about November 1, 2000, after hearing, the Court issued a Preliminary Injunction prohibiting Saia, and all those acting on his behalf, from performing any work at the property.

28. In August, 2001, Saia, as Administrator of the Plan, filed with the Westfield Planning Board a Special Permit application for 136 City View Road. Following correspondence from the City, Saia, by letter dated August 24, 2001, withdrew the Special Permit Application without prejudice.

29. On or about November 8, 2001, Saia, individually and signing as "Owner" submitted to the City Building Department an incomplete application for a building permit to undertake construction work on "units" 2, 5, 6, 7, 13, 16, 17, 18, 19 and 22.

30. By letter dated November 2, 2001, York informed Saia and Dave Wroblewski, Saia's contractor, that the November, 2001 application could not be processed without the required fee. Saia tendered the fee by letter of November 8, 2001 directed to York.

4

31. By letter of November 14, 2001 York informed Saia of the denial of the November 2001 application.

32. On December 20, 2001 Saia filed an appeal of York's denial of the November, 2001 application to the Westfield Zoning Board of Appeals (hereinafter "ZBA").

33. In conformity with the usual practice of the ZBA, the appeal was set fro prelimary review by the ZBA at its regular meeting of January 2, 2002. The ZBA voted to refuse to hear the appeal.

34. By virtue of the November 1, 2001 Preliminary Injunction Saia, the Plan and Limited Dividend are precluded from undertaking any work of any nature at the premises. Under the injunction, the Housing Inspection Department of the Housing Court is empowered to review requests to board and secure the premises, to then approve, direct and supervise "board and secure" work. The work for which Saia seeks the November 2001 permit is not board and secure work.

35. By letter of December 31, 2001 directed to Barry Searle, Deputy Health Director, Saia did inform the Health Department that Berry Construction and an engineer were being retained to undertake a percolation test at 136 City View Road and included therewith a City of Westfield Conservation Commission Application for Percolation Test on behalf of "Frank R. Saia Defined Ben. Pen Plan" as Applicant/Owner, said application noting an intent to install a "new leach field".

36. By the actions set forth, above, Saia has both ignored the public health and safety permitting processes that the City is required to administer under State law, and, upon being ordered to desist from further work at 136 City View Road, has filed various applications for permits to undertake work at the site, all of which must be denied as a result of, among other reasons, the terms of the existing preliminary injunction. By engaging in such conduct, Saia interferes with the functioning of the various City departments that are required use time and resources to respond to the applications and he sets the stage to seek redress in civil actions to review the denial of the permits, actions which, should they be filed in a court other than the court which issued the preliminary injunction, puts the City at risk of multiple adjudications, conflicting orders and needless expense.

**WHEREFORE,** the premises considered, Plaintiffs pray for relief as follows:

A. That the Court issue a preliminary injunction and grant final injunctive relief enjoining Defendants Saia, the Plan, and Limited Dividend from filing with any officer, agent, board, commission or department of the City of Westfield any application for a permit which permit relates to or in any way concerns the use, occupancy, construction, repair or renovation of the premises located at 136 City View Road or in seeking judicial or other review of the denial of such a permit in a forum other that the Hampden County Housing Court until such time as the Court alters, amends or dissolves its Preliminary Injunction of November 1, 2000 which prohibits any and all work from being performed at the site.

B. That this Court take jurisdiction of this cause and issue a declaratory judgment declaring the denial of the November 2001 application to be lawful and proper.

C. That this Court continue, as necessary, its preliminary injunction prohibiting Saia, and all those acting on his behalf, from performing any work of any description whatsoever on the subject property located at 136 City View Road at anytime for any reason, including boarding and securing said property and to make final the said preliminary injunction issued on November 1, 2001.

D. For such other further and different relief as the Court deems just and proper.

### COUNT II

37. Plaintiff repeats and restates as if set forth herein numbered paragraphs one through fourteen, above.

38. Defendants all claim a property interest of one nature or another in and to the property at 136 City View Road.

39. As of January 20, 1992 none of the Defendants held any right, title or interest of any nature in or to the property at 136 City View Road.

40. As of January 20, 1992 the Westfield Planning Board had not extended the five year time limit within which City View Commons was required to be completed.

41. The property located at 136 City View Road is within a Rural Residential zoning district pursuant to the City of Westfield Zoning Ordinance.

42. Since the September, 1987 repeal of the condominium section of the Westfield Zoning Ordinance under which the "City View Commons Condominium" was permitted at 136

City View Road, condominium development is not an allowed use within a Rural Residential zone.

43. The continued presence of structures in various states of completion at the City View Commons site constitutes a violation of the City of Westfield zoning ordinance which Defendants are obligated to abate.

**WHEREFORE,** the premises considered, Plaintiffs pray for relief as follows:

a. That the Court take jurisdiction of this cause and issue a declaratory judgment declaring the respective interests of the defendants in the premises and, further, declaring the continued presence of the structures at City View Commons to be in violation of the City of Westfield zoning ordinance; and

b. Issue final injunctive relief enjoining Defendants from maintaining the unlawful structures and requiring Defendants to remove all such structures in conformity their respective interests and in compliance with the mandates of the State Building Code.

c. For such further and different relief as the Court deems just and proper.

## COUNT III.

44. Plaintiff repeats and restates as if set forth herein numbered paragraphs one through fourteen, above.

45. On or about December 24, 2001 David W. Berry, a Massachusetts Department of Environmental Protection approved subsurface sewage disposal system inspector did inspect the on-site underground sewage disposal system serving Unit 4 of City View Commons.

46. By copy of Title 5 official Inspection Form dated December 26, 2001, David W. Berry did provide notice to the Westfield Health Department that the subsurface sewage disposal system serving unit 4 of City View Commons failed.

47. The Westfield Health Department must authorize, approve and inspect the installation of on-site subsurface sewage disposal systems installed within the City of Westfield.

48. The Westfield Health Department never authorized, approved or inspected the installation of an on-site subsurface sewage disposal system for unit 4 of City View Commons.

49. On information and belief unit 4 of City View Commons is occupied by Gene Spear, an adult who claims to hold a tenancy to unit 4 by virtue of a lease with Saia and/or the Plan.

50. On information and belief, Saia and/or the Plan have instituted eviction proceedings against Gene Spear in the Housing Court Department of the Trial Court for Hampden County seeking to reclaim full possession of Unit 4.

51. The occupancy permit issued on or about December 27, 1989 for unit 4 is invalid for failure to secure the approval of the Health Department of the on-site subsurface sewage disposal system prior to its issuance.

52. The City View Commons condominium project is located within a Rural Residential District as set forth in the Westfield Zoning Ordinance.

53. Condominiums are not an approved use in a Rural Residential district.

54. Continued occupancy of unit 4 is a serious health problem and is unlawful as there is no valid occupancy permit for the unit and as use as a condominium is not a permissible use.

**WHEREAS,** the premises considered, Plaintiff pray this Court for relief as follows:

A. Take jurisdiction of this cause and issue a declaratory judgment declaring that continued occupancy of unit 4 constitutes a serious health threat that is properly remedied by the issuance of an order by the Board of Health to all occupants to vacate the premises forthwith.

B. Issue preliminary and final injunctive relief against Defendant Saia, the Plan, Limited Dividend and Spear enjoining each from permitting or engaging in the continued occupancy of Unit 4 of City View Commons and further, to enjoin Saia and the Plan from renting or taking any other action that could result in the occupancy of Unit 4 by any individual.

C. Issue final injunctive relief against Defendant Saia and the Plan requiring each to demolish Unit 4 in conformity with all requirements of the State Building Code.

D. For such other further and different relief as the Court deems just and proper.

Date: January 4, 2002

CITY OF WESTFIELD by and through its Superintendent of Building and Health Department, Plaintiffs

By: _____
Peter H. Martin, Esq.
Assistant City Solicitor
City of Westfield Law Department
59 Court Street
Westfield, MA 01085
BBO# 552020
Tel: 413 572-6260