```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

FRANK R. SAIA, ET AL,          )
          Plaintiffs           )
                               )
     v.                        ) C.A. 04-30143-MAP
                               )
CITY OF WESTFIELD, ET AL,      )
          Defendants           )


<u>MEMORANDUM AND ORDER RE:</u>
<u>REPORT AND RECOMMENDATION WITH REGARD TO</u>
<u>DEFENDANTS' MOTION TO DISMISS</u>
(Dkt. Nos. 13 & 19)

September 27, 2006

PONSOR, D.J.

   Plaintiffs have brought this action against the City of Westfield and various officials, objecting to certain aspects of Westfield's zoning scheme and challenging an enforcement action initiated prior to this lawsuit and still pending. Defendants filed a Motion to Dismiss on various grounds, which was referred to Chief Magistrate Judge Kenneth P. Neiman for Report and Recommendation.

   On September 7, 2006, Chief Magistrate Judge Neiman issued his Recommendation, to the effect that the Motion to Dismiss should be allowed on the authority of <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

   Plaintiffs filed a timely objection and the Motion to Dismiss is before the court for <u>de</u> <u>novo</u> review.

   Having reviewed the Report and Recommendation and

considered Defendants' motion <u>de</u> <u>novo</u>, the court will adopt the Recommendation and will allow the Motion to Dismiss. For the reasons set forth in detail in the Magistrate Judge's well-reasoned Recommendation, all the requirements for abstention pursuant to <u>Younger</u> exist here: the pending proceeding advances an important state interest, Plaintiffs here will have an adequate opportunity to litigate the claims raised here in the State Court, and the State Court proceeding is judicial. <u>See</u> <u>Ohio Civil Rights Commission v. Dayton Christian Schools</u>, 477 U.S. 619, 627 (1986). No extraordinary circumstances justify intervention by the Federal Court, where the State Housing Court has full power to provide a remedy.

 The nature of Plaintiffs' underlying claim, a land usage controversy, presents a particularly inappropriate occasion for a Federal Court to intrude. <u>Matney v. City of North Adams</u>, 359 F. Supp. 2d 20, 23 (D. Mass. 2005), <u>citing</u> <u>Creative Environments, Inc. v. Estabrook</u>, 680 F.2d 822, 831 (1st Cir. 1982).

 Because dismissal is amply justified under <u>Younger</u>, it is not necessary for the court to consider the other arguments offered by Defendants or the discussion of them contained in the Recommendation, as to which the court offers no opinion.

For the foregoing reasons, upon <u>de novo</u> review, the court hereby adopts the Report and Recommendation (Dkt. No. 19) to the extent that the complaint should be dismissed on the authority of <u>Younger</u> and ALLOWS Defendants' Motion to Dismiss (Dkt. No. 13).  The clerk is ordered to enter judgment for Defendants.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor<br>
MICHAEL A. PONSOR<br>
U. S. District Judge